UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: NARCONON DRUG REHABILITATION
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION                                MDL No. 2598


ORDER DENYING TRANSFER


**Before the Panel:**[*] Plaintiffs in the District of Nevada *Welch* action move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the District of Nevada or, alternatively, in the Southern District of California. This litigation consists of twenty-one actions pending in the Central, Northern, and Southern Districts of California, the District of Colorado, and the District of Nevada, as listed on Schedule A.[1] Defendants Association for Better Living and Education International (ABLE), Narconon International (NI), Narconon Fresh Start, Narconon Western United States, and Narconon Freedom Center (collectively, Narconon) oppose centralization. Alternatively, should we centralize this litigation, Narconon suggests that the Southern District of California be selected as the transferee district.

On the basis of the papers filed and the hearing session held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. These actions share some common factual questions relating to plaintiffs' allegations that the Narconon Program—a drug rehabilitation program that plaintiffs allege consists solely of the reading of literature from the Scientology religion and a sauna detoxification program—does not meet the applicable standard of care for treating substance abuse and that defendants misrepresented the Narconon program's efficacy and its connection to Scientology. We are not convinced, though, that these common issues are sufficiently complex or numerous to warrant the creation of an MDL. These actions are primarily fraud actions and will involve significant case-specific facts, such as the specific representations regarding the Narconon Program made to each plaintiff, the conditions at the different facilities attended by the plaintiffs at different times, and the widely varying injuries allegedly suffered by plaintiffs. The necessary discovery and pretrial practice in each action also will differ from action to action due to the different state and federal laws asserted in each action. In addition, several cases involve arbitration clauses and, to the extent that plaintiffs pose capacity defenses to those clauses, that inquiry will be individualized.

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] There were twenty-four actions initially listed on the motion to centralize, but three actions have since been dismissed. In addition to the actions on the motion, the Panel has been notified of six related actions pending in the Northern District of Florida, the Middle District of Louisiana, the Western District of Michigan, and the District of Nevada.

-2-

Further, the common defendants—ABLE and NI—have been dismissed from at least eight of these actions to date. Thus, on the present record, it appears that individualized facts may predominate over the common factual issues in this litigation. *See In re Signal Int'l LLC Human Trafficking Litig.*, MDL No. 2554, __ F. Supp. 3d __, 2014 WL 4050056, at *1 (J.P.M.L. Aug. 12, 2014) (denying centralization because, *inter alia*, "individualized facts very well may predominate over the common factual issues alleged by plaintiffs").

Furthermore, none of the actions is a class action, which limits the scope for inconsistent pretrial rulings and practice to issues pertaining to discovery and scheduling. Plaintiffs in all the actions on the motion are represented by common counsel,[2] while defendants purportedly have retained liaison counsel to coordinate the litigation. At oral argument, counsel for the defendants confirmed their willingness to coordinate with respect to discovery of any common third-party or Narconon witnesses. These circumstances suggest that voluntary cooperation and coordination among the parties and the involved courts, particularly given the number of actions, is a preferable alternative to centralization to address any possibility of duplicative discovery or inconsistent pretrial rulings. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell       Charles R. Breyer
Ellen Segal Huvelle       R. David Proctor
Catherine D. Perry

---

[2] That plaintiffs in the actions pending the District of Nevada recently "associated the Eglet Law Group as co-counsel," *see* MDL No. 2598, ECF No. 26, at 1 (J.P.M.L. Dec. 11, 2014) (Plaintiffs' Supplemental Brief), does not alter the fact that plaintiffs in each of the actions are represented by either Hamilton Law LLC, Saeed & Little LLP, or both.

IN RE: NARCONON DRUG REHABILITATION
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION                                                    MDL No. 2598


## SCHEDULE A


      Central District of California

LOVETT v. ASSOCIATION OF BETTER LIVING AND EDUCATION
    INTERNATIONAL, ET AL., C.A. No. 2:14-06430
NORD-SHAFER, ET AL. v. ASSOCIATION OF BETTER LIVING
    AND EDUCATION INTERNATIONAL, ET AL., C.A. No. 2:14-06438


      Northern District of California

O'CONNELL, ET AL. v. NARCONON OF NORTHERN CALIFORNIA, ET AL.,
    C.A. No. 5:14-02660


      Southern District of California

AMATO v. NARCONON FRESH START, ET AL., C.A. No. 3:14-00588
BURCHETT, ET AL. v. NARCONON FRESH START, ET AL.,
    C.A. No. 3:14-01678
KELLER, ET AL. v. NARCONON FRESH START, ET AL., C.A. No. 3:14-02168
HENNING, ET AL. v. NARCONON FRESH START, ET AL., C.A. No. 3:14-02379


      District of Colorado

MOTT, ET AL. v. NARCONON FRESH START, C.A. No. 1:14-01293
MATTHYS, ET AL. v. NARCONON FRESH START, ET AL., C.A. No. 1:14-01304
LEVY v. NARCONON FRESH START, ET AL., C.A. No. 1:14-01591
VAIRO, ET AL. v. NARCONON FRESH START, ET AL., C.A. No. 1:14-02748
COURSON, ET AL. v. NARCONON FRESH START, ET AL., C.A. No. 1:14-02768

                                                            (Schedule A continued ....)

-A2-

**MDL No. 2598 Schedule A (Continued)**

    District of Nevada

WELCH, ET AL. v. NARCONON FRESH START, C.A. No. 2:14-00167
TARR, ET AL. v. NARCONON FRESH START, C.A. No. 2:14-00283
GEANACOPULOS, ET AL. v. NARCONON FRESH START, ET AL.,
    C.A. No. 2:14-00629
YATES, ET AL. v. NARCONON FRESH START, ET AL., C.A. No. 2:14-00837
WINCHELL, ET AL. v. NARCONON FRESH START, ET AL., C.A. No. 2:14-00851
MCCLURE, ET AL. v. NARCONON FRESH START, ET AL., C.A. No. 2:14-00995
TINO, ET AL. v. NARCONON FRESH START, ET AL., C.A. No. 2:14-01083
KOSLOW, ET AL. v. NARCONON FRESH START, ET AL., C.A. No. 2:14-01588
MARTIN, ET AL. v. NARCONON FRESH START, ET AL., C.A. No. 2:14-01599