S. BRENT VOGEL
Nevada Bar No. 006858
Brent.Vogel@lewisbrisbois.com
ALAYNE M. OPIE
Nevada Bar No. 012623
Alayne.Opie@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789

DAVID SCHEPER, Ca. Bar No. 120174 (*pro hac vice*)
WILLIAM H. FORMAN, Ca. Bar No. 150477 (*pro hac vice*)
GREGORY A. ELLIS, Ca. Bar No. 204478  (*pro hac vice*)
MARGRET DAYTON, Ca. Bar No. 274353 (*pro hac vice*)
SCHEPER KIM & HARRIS LLP
601 W. Fifth Street, 12th Floor
Los Angeles, California 90071
213-613-4655

*Attorneys for Defendant Narconon Fresh Start d/b/a
Rainbow Canyon Retreat ("Fresh Start")*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| HARRY GEANACOPULOS, a Massachusetts Citizen; LAUREN GEANACOPULOS, a Massachusetts Citizen; and PETER GEANACOPULOS, a Massachusetts Citizen,<br><br>Plaintiffs,<br><br>vs.<br><br>NARCONON FRESH START d/b/a RAINBOW CANYON RETREAT, ASSOCIATION FOR BETTER LIVING AND EDUCATION INTERNATIONAL; NARCONON INTERNATION and DOES 1-100, ROE Corporations 1-X, inclusive,<br><br>Defendants. | Case No.:    2:14-cv-00629-JCM-NJK<br><br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY **STIPULATED AND AGREED** by and between the undersigned counsel as follows:

**01.0    GENERAL INFORMATION:**

1.1    <u>Definitions</u> - As used in this Order, the word:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-0080-4901.1                           1

1.1.1 "Party" or "Parties" shall include *Plaintiffs* HARRY GEANACOPULOS, LAUREN GEANACOPULOS, PETER GEANACOPULOS, and *Defendants* NARCONON FRESH START dba RAINBOW CANYON RETREAT, NARCONON INTERNATIONAL, ASSOCIATION FOR BETTER LIVING AND EDUCATION INTERNATIONAL, and each of their/its/his/her employees, agents, representatives, and attorneys (including both outside counsel and inside counsel).

1.1.2 "Person(s)" shall include any "Party" to this action, whether an individual, corporation, partnership, company, unincorporated association, governmental agency, or other business or governmental agency.

1.1.3. "Confidential Material" shall mean any and all confidential or proprietary documents, data, or information provided in response to written discovery requests, subpoena, deposition testimony, or otherwise produced. All Confidential Materials shall be Bates stamped and marked as confidential with a watermark or legend.

1.1.4. "Discovering Party" shall mean the Party who has requested documents designated as Confidential Material under this Stipulated Protective Order or is in possession of documents designated as Confidential Material.

1.1.5 "Producing Party" shall mean the Party who has produced documents designated as Confidential Material under this Stipulated Protective Order.

1.1.6 "Fresh Start" shall mean Narconon Fresh Start dba Rainbow Canyon Retreat.

1.1.7 "NI" shall mean Narconon International.

1.1.8 "ABLE" shall mean Association For Better Living and Education International.

1.1.9 "Defendants" shall mean Narconon Fresh Start dba Rainbow Canyon Retreat, Narconon International and Association For Better Living And Education International.

1.1.10 "Licensing Agreement" shall mean the License Agreement dated May 14, 2001, by and between Narconon International and Narconon Southern California, Inc.

previously disclosed and identified as LICENSE-00001-9.

1.2    <u>Trade Secrets and Proprietary Information</u>:

Defendants contend that documents designated as Confidential Material represent and/or reflect trade secrets or other confidential and proprietary research, development or commercial information.  The Parties agree Defendants have a legitimate interest in protecting trade secrets, or other confidential and proprietary research, development or commercial information.  The Parties agree the protections within this agreement are adequate.

1.3.    <u>Nature of this Stipulated Protective Order</u>:

The nature of this Stipulated Protective Order is to protect the Parties' confidential information, including, Defendants' business interests in their own intellectual property, information, and processes.  Furthermore, the nature of this Stipulated Protective Order is to protect Fresh Start from any liabilities that arise out of the Licensing Agreement. Defendants contend that disclosure of their trade secrets, confidential or proprietary information or any of those referenced in the Licensing Agreement, could cause irreparable and significant harm to Fresh Start, Narconon International, Association For Better Living And Education, and their affiliates.  This Stipulated Protective Order is intended to prevent this foreseeable harm and any related unforeseeable harm.

1.4    <u>Public Health & Safety Not At Issue</u>:

The documents and information at issue do not involve the public health and safety, a public entity, or issues important to the general public.

1.5    <u>Good Faith Discovery Cooperation</u>:

It is the purpose of this Stipulated Protective Order and the desire of the Parties to make the broadest range of reasonably relevant documents available to the Parties, without waiving any trade secrets, privilege, or otherwise proprietary information, while protecting all Parties interests', while adhering to the Licensing Agreement, and without subjecting the Parties and the Court to numerous discovery motions.

1.6    <u>Reliance on this Agreement</u>:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-0080-4901.1                    3

The Parties agree to limit dissemination of any documents and information as set forth in this Stipulated Protective Order and are materially relying on the representations and covenants contained within.

**2.0    SCOPE, RELIANCE AND PURPOSE:**

2.1    It is a purpose of this Stipulated Protective Order that Defendants will be provided reasonable assurance that:

2.1.1    The documents or information produced by Defendants will be used in this litigation and this litigation only and similar litigation involving the same Defendants and counsel only;

2.1.2    The documents or information produced by Defendants will not be used for commercial purposes;

2.1.3    The documents or information produced by Defendants will not be used for non-litigation purposes.

2.2    The Parties are relying on this Stipulated Protective Order, and would not have produced the documents and information otherwise.

2.3    The Parties' production under this Stipulated Protective Order does not admit or concede the documents or information are relevant or admissible in this litigation.

2.4    This Stipulated Protective Order survives the end of the above-styled litigation.

2.5    The Parties agree good cause exists for this Stipulated Protective Order and for the Court to enter this Order.

2.6    Compliance with this Stipulated Protective Order will be a material term to any settlement agreement reached in this case.

**3.0    PRODUCTION OF DOCUMENTS:**

3.1    Any documents produced, produced for inspection and/or made available for copying in this action by any Party to this litigation or any third parties whether before or after the date of entry of this Order may be designated Confidential Material.  Such a designation shall be made by placing a watermark or legend inscribing the word "Confidential" on the face of each page of each document so designated.  In the event a book is produced, the



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

material shall be designated as Confidential Material by placing a watermark or legend inscribing the word "Confidential" on the front cover of the book.  Thereafter, if any single page from the book is duplicated, the individual pages shall be designated Confidential Material by placing a watermark or legend inscribing the word "Confidential" on each page of the document so designated.

3.2     Such Confidential Materials in whole or in part or in any form, and the information within, may be used and disclosed solely for the preparation and trial of this litigation only, including all appeals.  Copies of any discovery designated "Confidential" shall only be provided to parties or persons as identified within this Stipulated Protective Order.

3.3     The Parties and their counsel agree to use reasonable efforts not to disclose the information to any third person or entity whatsoever, except to (the following are collectively referred to as "Qualified Person(s)"):

      a.     counsel of record in this action on behalf of a Party to this litigation;

      b.     employees or agents of counsel including regularly employed support staff, paralegal and clerical personnel who have a direct responsibility for assisting such counsel in the preparation and trial of litigation, including appeals;

      c.     outside consultants and experts and their employees or agents retained by counsel or any Party to this litigation for the purpose of assisting in the preparation and trial of this litigation, including appeals;

      d.     the United States District Court, District of Nevada, ("the Court"), and court personnel, including stenographic reporters regularly employed by the Court;

      e.     stenographic or video reporters who are otherwise engaged in such proceedings as are necessarily incident to the conduct of this litigation;

      f.     witnesses or prospective witnesses requested by counsel to give testimony or otherwise to prepare for any deposition, hearing, trial or other proceeding in this litigation.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Any person or group of people who do not each meet the criteria of a Qualified

2   Person as defined above, shall be deemed to be a "non-qualified person" or

3   "non-qualified persons."

4   **4.0     DEPOSITIONS**

5   Deposition testimony concerning any Confidential Material shall be designated as Confidential

6   Material under the terms of this Stipulated Protective Order.  The court reporter shall note on the record

7   the designation of Confidential Material and shall separately transcribe those portions of the testimony so

8   designated and shall mark the face of such portion of the transcript as "Confidential Material."  The

9   Parties may use Confidential Material during any deposition provided the witness is apprised of the terms

10  of this Stipulated Protective Order and executes the AGREEMENT TO BE BOUND BY

11  PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION, attached as Exhibit

12  "A." The Parties may use Confidential Material during a deposition only if the room is first cleared of all

13  non-qualified persons.

14  **5.0     CONTESTING THE DESIGNATION OF CONFIDENTIAL MATERIAL**

15  In the event that any Party desires to contest the designation of any documents, information, or

16  testimony as Confidential Material, that Party shall, after requesting and being denied re-designation

17  within a timely manner, shall file an objection with the Court and request a hearing on the matter.  At

18  such hearing, the Party designating the information as Confidential Material shall have the burden to

19  establish that Party's right to protection of the Confidential Material.  All such documents, information or

20  testimony shall be treated as Confidential Material until the Court makes a decision regarding the status of

21  the documents, information and testimony.

22  **7.0     VIEWING OF DOCUMENTS BY THIRD PARTIES:**

23  The Parties agree and acknowledge that before disclosing any Confidential Material to a Qualified

24  Person, as defined above in Section 3.3(c) of this Stipulated Protective Order, the Party shall provide to

25  the Qualified Person a copy of this Stipulated Protective Order and each Qualified Person shall execute a

26  copy of the attached AGREEMENT TO BE BOUND BY PROTECTIVE ORDER REGARDING

27  CONFIDENTIAL INFORMATION.  The executed copy of Exhibit "A" shall be retained by the

28  attorney who has disclosed the Confidential Material to the Qualified Person.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-0080-4901.1                                             6

**8.0     NO WAIVER BY INADVERTENT PRODUCTION:**

If any Confidential Material is inadvertently provided to a Discovering Party without being marked as Confidential in accordance with this Order, the failure to so mark the material shall not be deemed a waiver of its confidentiality, privilege, or right to object.

**9.0     RETURN OF DOCUMENTS AT END OF LITIGATION:**

Within ten (10) days after the final settlement or termination of action, it is the obligation of the Discovering Party to return or destroy all Confidential Material provided by the Producing Party.  The Discovering Party shall return or destroy all Confidential Material, including all copies, notes, tapes, papers and any other medium containing, summarizing, excerpting, or otherwise embodying any Confidential Material, except that the Discovering Party shall be entitled to destroy, rather than return (a) any Confidential Material stored in or by data processing equipment and (b) work product memoranda or pleadings embodying Confidential Material, subject to State Bar rules.  The Discovering Party will confirm in writing to the Producing Party its compliance with this Section 9.0.

**10.0     PHOTOCOPYING PROHIBITED BEYOND THIS LITIGATION:**

The Confidential Material shall not be photographed, photocopied or reproduced in any manner except in preparation of or otherwise related to this litigation.

**11.0     PUBLICATION PROHIBITED:**

The Confidential Material shall not be published or reproduced in any manner on the Internet, blogs, bulletin boards, email, newspapers, magazines, bulletins, or other media available publicly or privately.  Likewise, persons may not verbally share the Confidential Material to non-qualified persons.

**12.0     ALL DOCUMENTS REVEALED TO THE COURT SHALL BE SEALED:**

All motions or other documents filed with the Court, if any, which reveal, include, attach or make reference to any portion of the Confidential Material shall be filed in accordance with the Federal Rules of Civil Procedure and shall be considered Confidential Material governed by the terms of this Stipulated Protective Order.

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**13.0    NON-WAIVER:**

This Stipulated Protective Order is not, and shall not be interpreted as, a waiver by any Party of any right to claim in this lawsuit or otherwise, that the documents or information are privileged or otherwise undiscoverable.

**14.0    VIOLATION OF ORDER:**

Upon an alleged violation of this Stipulated Protective Order, the Court on its own motion or on the motion of any Party may grant relief as it deems appropriate in law or equity.  Should any provision of this Stipulated Protective Order be struck or held invalid by a court of competent jurisdiction, all remaining provisions shall remain in full force and effect.

Dated this _5th_ day of August, 2015.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:_____/s/ Alayne Opie_____
S. Brent Vogel
Nevada Bar No. 006858
Alayne M. Opie
Nevada Bar No. 12623
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118

and

David Scheper
Ca. Bar No. 120174 (*pro hac vice*)
William H. Forman
Ca. Bar No. 150477 (*pro hac vice*)
Gregory A. Ellis
 Ca. Bar No. 204478  (*pro hac vice*)
Margret Dayton
Ca. Bar No. 274353 (*pro hac vice*)
SCHEPER KIM & HARRIS LLP
601 W. Fifth Street, 12th Floor
Los Angeles, California 90071
*Attorneys for Defendant Narconon Fresh
Start dba Rainbow Canyon Retreat ("Fresh Start")*

Dated this 5th day of August, 2015.

HAMILTON LAW

By:_____/s/ Ryan Hamilton_____
Ryan Hamilton, Esq.
Nevada Bar No. 11587
5125 S. Durango Drive, Suite C
Las Vegas, Nevada 89113
*Attorneys for Plaintiffs*

Dated this 5th day of August, 2015.

HALL PRANGLE & SCHOONVELD

By:_____/s/ John Bemis_____
John Bemis, Esq.
Nevada Bar No. 9509
1160 North Town Center Drive, Suite 200
Las Vegas, Nevada 89144
*Attorneys for NI and ABLE*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Geanacopulos, et al. v. Narconon Fresh Start*
Case No.:    2:14-cv-00629-JCM-NJK

### ORDER

Based upon the foregoing Stipulation, and good cause appearing therefore,

IT IS HEREBY ORDERED that the Parties have entered into a STIPULATED PROTECTIVE

ORDER governing production of documents.

IT IS FURTHER ORDERED that the Parties shall be bound by the Stipulated Protective Order.


_____
United States District Court Judge

Respectfully submitted by:

LEWIS BRISBOIS BISGAARD & SMITH LLP


By: ___/s/ Alayne M. Opie_____
S. Brent Vogel, NV Bar 6858
Alayne M. Opie, NV Bar 12623
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118

David Scheper, Ca. Bar No. 120174 (*pro hac vice*)
William H. Forman, Ca. Bar No. 150477 (*pro hac vice*)
Gregory A. Ellis, Ca. Bar No. 204478  (*pro hac vice*)
Margret Dayton, Ca. Bar No. 274353 (*pro hac vice*)
SCHEPER KIM & HARRIS LLP
601 W. Fifth Street, 12th Floor
Los Angeles, California 90071
*Attorneys for Defendant Narconon Fresh Start dba*
*Rainbow Canyon Retreat ("Fresh Start")*

1

**EXHIBIT "A'**

2

0

3

UNITED STATES DISTRICT COURT

4

DISTRICT OF NEVADA

5   HARRY GEANACOPULOS, a Massachusetts          CASE NO. 2:14-cv-00629-JCM-NJK
    Citizen; LAUREN GEANACOPULOS, a

6   Massachusetts Citizen; and PETER
    GEANACOPULOS, a Massachusetts Citizen,

7
                Plaintiffs,

8
        vs.

9
    NARCONON FRESH START d/b/a

10  RAINBOW CANYON RETREAT,
    ASSOCIATION FOR BETTER LIVING

11  AND EDUCATION INTERNATIONAL;
    NARCONON INTERNATION and DOES 1-

12  100, ROE Corporations 1-X, inclusive,

13              Defendants.

14

15
        **AGREEMENT TO BE BOUND BY PROTECTIVE**
        **ORDER REGARDING CONFIDENTIAL INFORMATION**

16          I hereby attest to my understanding that information or documents designated as Confidential

17  Material and the information contained therein are provided to me pursuant to the terms and conditions

18  and restrictions of the STIPULATED PROTECTIVE ORDER entered in the above-styled case.  I have

19  been given a copy, read, and understand the STIPULATED PROTECTIVE ORDER. I agree to be

20  bound by it, and consent to the personal jurisdiction of the Court that signed the STIPULATED

21  PROTECTIVE ORDER, for enforcement.

22          I further agree that I shall not disclose to others in any manner, except in accordance with the

23  STIPULATED PROTECTIVE ORDER, any Confidential Material as defined in that agreement, and

24  that such Confidential Material shall be used only for the purposes of the captioned legal proceeding.  I

25  understand that the unauthorized disclosure of Confidential Material could result in the violation of the

26  rights to privacy, and/or serious economic harm to the party providing the Confidential Material which

27  could continue to cause harm even after the termination of that legal proceeding.  I further agree and

28  attest to my understanding that, in the event that I fail to abide by the terms of that STIPULATED


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-0080-4901.1                                    10

1    PROTECTIVE ORDER, I may be subject to sanctions, including sanctions by way of contempt of court,

2    imposed by the Court for such failure.

3

4    _____

5    Signature                                    Date

6    _____

7    Name printed

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## CERTIFICATE OF SERVICE

2          Pursuant to FRCP 5(b), I certify that I am an employee of Lewis Brisbois Bisgaard & Smith LLP

3    and that on this 5th day of August, 2015, I did cause a true copy of **STIPULATED PROTECTIVE**

4    **ORDER** to be placed in the United States Mail, with first class postage prepaid thereon, and addressed as

5    follows:

6

7    Ryan A. Hamilton
     HAMILTON LAW
     5125 S. Durango Dr., Ste. C
8    Las Vegas, NV  89113
     *Counsel for Plaintiffs*

9

     John Bemis
10   HALL PRANGLE & SCHOONVELD
     1160 North Town Center Drive, Suite 200
11   Las Vegas, Nevada 89144
     *Counsel for NI and ABLE*

12

     David Scheper
13   William H. Forman
     Gregory A. Ellis
14   Margret Dayton
     SCHEPER KIM & HARRIS LLP
15   601 W. Fifth Street, 12th Floor
     Los Angeles, California 90071
16   *Co-Counsel for Fresh Start*

17
                                                    /s/ Nicole Etienne
18
                                            _____
19                                          An Employee of
                                            LEWIS BRISBOIS BISGAARD & SMITH LLP
20

21

22

23

24

25

26

27

28